UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY H., <br><br>                          Plaintiff, <br><br> v. <br><br> Kilolo KIJAKAZI, <br><br>                          Defendant. | Case No.:  3:19-cv-2446-AGS <br><br> **ORDER GRANTING MOTION FOR 42 U.S.C. § 406(b) FEES (ECF 26)** |

Plaintiff's counsel moves for attorney's fees under 42 U.S.C. § 406(b). Counsel requests $16,102.00, offset by an order "to reimburse [plaintiff] the amount of $3,600.00 for the EAJA fees previously paid." (ECF 26-1, at 1.) This request represents just under 25% of plaintiff's past-due benefits, which total $64,408.70. (ECF 26-4, at 2.) Plaintiff has not objected. (*See* ECF 26-1, at 19; ECF 27.)

"Whenever a court renders a judgment favorable to a claimant," "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b). In evaluating an attorney-fee request, courts "must respect the primacy of lawful attorney-client fee arrangements," "looking first to the contingent-fee agreement, then testing for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (citation omitted). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Factors the court may consider in evaluating the reasonableness of the attorney-fee award are: "(1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases." *Avina v. Saul*, No. 18-CV-1728-W-MSB, 2021 WL 2662309, at *1 (S.D. Cal. June 29, 2021).

Plaintiff assented in his contingency agreement to a fee of "25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court." (ECF 26-2, at 1.) This bargained-for percentage is presumptively valid and may be reduced only if warranted by the character and results of the representation. *See Gisbrecht*, 535 U.S. at 807–08. Here, counsel invested his resources on contingency, fully litigated cross-motions for summary judgment, and achieved remand for his client. (*See* ECF 15, 18, 20.) On remand, plaintiff secured a "fully favorable" decision (ECF 26-3) and was granted past-due disability benefits of $64,408.70 (ECF 26-4, at 2). There is no evidence of dilatory conduct or undue delay. Indeed, counsel expended only 19 hours to achieve these results, which is eminently reasonable. (*See* ECF 26-1, at 4); *see also Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (finding "33.75 hours spent by plaintiff's counsel" to fall "within the approved range" for fees after surveying "several dozen cases in which attorney's fees were awarded in social security cases").

Counsel appears to have been so efficient, in fact, that the effective hourly rate was boosted to a seemingly lofty $847.47. Yet given the substantial results achieved, this figure is not unreasonable compared to fees that courts have approved. *See Sproul v. Astrue*, No. 11-CV-1000-IEG DHB, 2013 WL 394056, at *2 (S.D. Cal. Jan. 30, 2013) (finding the "seemingly exorbitant de facto hourly rate of just under $800 per hour" reasonable and "but a by-product of counsel's efficiency in prosecuting the case"); *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (collecting cases from two decades ago that approved fees between roughly $200 and $700 an hour); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. 2016) (finding an effective hourly rate of $1,546.39 reasonable for an attorney-fee award of $15,000 in a similar case).

When a valid attorney-client fee arrangement exists, the fee statute is not meant to displace that agreement, but to act as a check on the reasonableness of fees. *See Gisbrecht*, 535 U.S. at 793. And in the time since *Gisbrecht*, "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the

resulting de facto hourly rates may exceed those for non[-]contingency-fee arrangements." *Hearn*, 262 F. Supp. 2d at 1037.

The Court sees no ground for penalizing plaintiff's counsel for his efficiency here. Counsel's unopposed request for fees under 42 U.S.C. § 406(b) is **GRANTED**. Counsel is entitled to $16,102.00 out of plaintiff's past-due benefits. Counsel must reimburse plaintiff the $3,600.00 EAJA fees already paid. (*See* ECF 23); *see also Gisbrecht*, 535 U.S. at 796 (noting that, when section 406(b) fees are awarded, "the claimant's attorney must refund to the claimant the amount of the smaller [EAJA] fee").

Dated:  September 13, 2023

_____
Andrew G. Schopler
United States District Judge